IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.	Case Nos.: 3:03cr36/RV
	3:12cv64/RV/CJK

JIMMIE HARRIS, JR.

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 62). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

BACKGROUND AND ANALYSIS

Defendant pled guilty to one count of possession with intent to distribute a mixture 5 grams or more of a mixture or substance containing cocaine base and one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine

base. (Doc. 45). On July 29, 2003, he was sentenced to a term of life in prison as to both counts with the sentences to run concurrently. (Doc. 45, p. 2). He did not appeal. On February 9, 2012, defendant filed a request for judicial notice asking the court to take notice of his argument that the court lacked the jurisdiction under 21 U.S.C. § 841(b) to impose a mandatory life term of imprisonment. (Doc. 55, p. 2). A day later, on February 10, 2012, defendant filed his original motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, (doc. 56). Defendant later filed an amended 2255 petition, (doc. 60), and a second amended petition, (doc. 62). The Government responded, (doc. 73), asking the court to dismiss defendant's 2255 petition on statute of limitations grounds. Defendant, shortly thereafter, submitted his reply in opposition, (doc. 77).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). There was an eight-year time gap between the final adjudication of the defendant's case and his filing of his original 2255 petition. In his response, defendant does not contend that there was a government impediment preventing him from filing his petition, nor does he allege a new right recognized by the United States Supreme Court or newly discovered evidence. Further, defendant makes no assertion that equitable tolling should extend the limitation period. Rather than address the substantive merits raised by the government regarding the statute of limitations, the defendant resorts to an unwarranted personal attack upon Assistant United States Attorney Knight, whom defendant maligns as a "pettifogger." (Doc. 77, p. 1).[1]

Defendant's only relevant substantive contention is that the court lacked jurisdiction to impose the statutory term of life in prison. (Doc. 77, p. 4). The undersigned construes this claim as an objection to the court's subject matter jurisdiction to adjudicate this matter and the underlying conviction. A challenge to subject matter jurisdiction may be raised at any time. *See, e.g., United States v. Estupinan,* 453 F.3d 1336, 1338 (11th Cir. 2006). His attempt, however, to characterize his claim as an objection to the court's jurisdiction is misguided. In claim one, defendant challenges the court's use of allegedly non-qualifying prior convictions to sentence him to a statutory term of life imprisonment. (Doc. 62, p. 3).

---

[1] The defendant appears to assume that because the court directed him to file a 2255 motion, and served the government with his 2255 motion, that the court found there was no procedural bar to his 2255 motion. (Doc. 77, p. 2). The court's actions in directing the parties to file their respective pleadings does not indicate anything other than the court allowing the parties to fully plead their positions. Statute of limitations is an affirmative defense that can be raised in an answer. The statute of limitations, therefore, has been properly raised by the government and will be considered by the court in this matter.

Such claims are not jurisdictional in nature and do not permit him to escape the statute of limitations set forth in § 2255(f).

## Certificate of Appealability

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

The second amended motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 62) be summarily DISMISSED as untimely.

At Pensacola, Florida, this 13th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).